PATRIC A. LESTER (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Rd., #358
San Diego, CA 92108
Tel: 619.665.3888
Fax: 314.241.5777

Attorneys for Plaintiff Ronald and Jacqueline Winch

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald and Jacqueline Winch,<br><br>  Plaintiff,<br><br>  v.<br><br>Credence Resource Management, LLC,<br><br>  Defendant. | Case No. 5:15-cv-02518<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Ronald and Jacqueline Winch ("Plaintiffs" and/or "Ronald" or "Jacqueline" when referring to the particular individual only) seek redress in this action for Credence Resource Management, LLC's ("Defendant") practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: Plaintiffs reside in the City of Palm Springs, County of Riverside, State of California which is within this judicial district; the conduct complained of herein occurred within this judicial district; and many of the acts and transactions giving rise to this action occurred in this district.

# PARTIES

3.     At all times relevant, Plaintiffs were individuals residing in Palm Springs, California and each was a "person" as defined by 47 U.S.C. §153(39).

4.     Defendant is, and at all times mentioned herein was, a Nevada limited liability company, with its principal place of business located at 6045 Atlantic Boulevard, Suite 210, Norcross, Georgia 30071, and is registered to do business in the state of California, and is a "person", as defined by 47 U.S.C. §153(39).

5.     Plaintiffs make the following allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

6.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the

"prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

11. On or about December 17, 2014, Plaintiff Ronald received a collection call from Defendant on his cellular telephone number ending in "5308". Without conceding that he ever gave express consent, at some point during the series of calls to him from defendant, he verbally revoked any consent he may have given to receive any telephone calls from Defendant.

12. On or about February 18, 2015, Plaintiff Jacqueline received a collection call from Defendant on her cellular telephone number ending in "3095". Without conceding that she ever gave express consent, at some point during the series of calls to her from defendant she verbally revoked any consent she may have given to receive any telephone calls from Defendant.

13. The FCC in its 2015 Order makes clear that consumers may revoke consent through any reasonable means, either orally or in writing. *See* 2015 FCC Order, ¶¶ 55, 64 cited in *Reardon v. Uber Technologies, Inc.*, No. 14-CV-05678-JST, 2015 WL 4451209, at *10 (N.D. Cal. July 19, 2015)

14. Defendant repeatedly contacted Plaintiffs on Plaintiffs' cellular telephones. Plaintiffs received numerous calls on their cellular phones from Defendant.

15. The calls to Plaintiff Ronald 's cellular telephone ending in "5308" from Defendant occurred on, but not limited to, the following dates during 2014, December 17 (twice) and 18, and in 2015, June 18, and August 22.

16. The calls to Plaintiff Jacqueline 's cellular telephone ending in "3095" from Defendant occurred on, but not limited to, the following dates during 2015, April 8, 10, 11, 13, 17, 21-23, May 15, 27, 28, June 25, 28, July 3, 7, 8.

17. All telephone contact by Defendant to Plaintiffs on their respective cellular telephones occurred via an "artificial or prerecorded voice" and/or "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred on or after the date that is four years prior to the filing of this action and 20 days following the filing of this Complaint.

18. The telephone numbers that Defendant called to contact Plaintiffs, using an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

19. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

20. Defendant's telephone calls to Plaintiffs' cellular phones violated 47 U.S.C. §227(b)(1)(A) in that they utilized an "artificial or prerecorded voice" or were placed by an "automatic telephone dialing system" and were for non-emergency purposes and without Plaintiffs' prior express consent or with consent that was withdrawn and revoked.

21. Defendant's misconduct in placing some or all of these telephone calls to Plaintiffs' cell phones was willful and knowing and Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

## FIRST CLAIM FOR RELIEF
### (Negligent Violations of the TCPA)

22. Plaintiffs incorporate the above factual allegations herein.

23. Defendant made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiffs using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or were made utilizing an "artificial or prerecorded voice".

24. These phone calls were made without prior express consent or after oral revocation by Plaintiffs of prior express consent.

25. Defendant has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A) and A(iii), which makes it unlawful for any person within the United States "… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to … a cellular telephone service …"

26. As a result of Defendant's illegal conduct, Plaintiffs suffered actual damages and, under section 227(b) (3) (B), are entitled to, jointly, inter *alia*, a minimum of $500.00 in damages for each such call, in violation of the TCPA.

## SECOND CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the TCPA)

27. Plaintiffs incorporate by reference the above factual allegations herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to increase the $500 per call above up to $1,500.00 in statutory damages for each and every such call, pursuant to 47 U.S.C. § 227(b) (3) (B) and 47 U.S.C. § 227(b) (3) (C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant:

1. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiffs seeks $500.00 in statutory damages for each and every call that violated the TCPA;

2. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiffs seeks treble damages of the $500.00, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

3. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

4. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by Jury.

DATED: December 10, 2015           **LESTER & ASSOCIATES**
                                   By:   /s/ Patric A. Lester
                                         Patric Lester
                                         Attorney for Plaintiffs
                                         Ronald and Jacqueline Winch